# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                Case No:  2:17-cv-70-FtM-29CM

NANCY J. BIEBERDORF,

       Defendant.

_____

### ORDER

This matter comes before the Court upon review of Plaintiff's Application and Declaration for Entry of Defendant's Default (Doc. 7), filed on March 16, 2017. Plaintiff seek a Clerk's entry of default as to Defendant Nancy J. Bieberdorf ("Bieberdorf"). Doc. 7. On February 2, 2017, Plaintiff filed a Complaint against Bieberdorf alleging failure to pay a debt owed to the United States. Doc. 1 at 1-2. On March 1, 2017, Plaintiff filed a Return of Service. Doc. 6.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must

first determine whether Plaintiff properly effected service of process.   *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

With regard to an individual, the Federal Rules of Civil Procedure allow for personal service upon an individual within a judicial district of the United States. Fed. R. Civ. P. 4(e)(2)(A).   The process server may deliver a copy of the summons and complaint to the individual personally, or "at the individual's dwelling or usual place of abode or with someone of suitable age and discretion who resides there."   Fed. R. Civ. P. 4(e)(2)(A),(B).   Alternatively, the Court may follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."   Fed. R. Civ. P. 4(e)(1).   In Florida, service of original process may be made on an individual by leaving a copy of the complaint, petition, or other initial pleading "at his or her usual place of abode with any person residing therein who is fifteen years of age or older and informing the person of their contents."   Fla. Stat. § 48.031(1)(a).

Here, the Affidavit of Service states that on February 18, 2017, a process server for Investigative Process Service, Inc. delivered a true copy of the Summons in a Civil Action, Civil Cover Sheet and Complaint to Nancy Bieberdorf at 1200 W. Retta Esplanada, Boat Slip C34, Punta Gorda, FL 33950-5377, and informed her of the contents.   Doc. 6 at 2.   Affidavits by process servers constitute a prima facie showing that defendants have been served.   *Udoinyion v. The Guardian Security,* 440 F. App'x 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to

call into question prima facie evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre,* Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012).   Service of process therefore was properly effected under Rule 4(e)(2), Federal Rules of Civil Procedure.   Furthermore, counsel for Plaintiff avers that Bieberdorf is not in the military service of the United States of America.   Doc. 7 at 5-6.

Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint.   Bieberdorf has failed to do so within the time period; therefore, the entry of Clerk's Default pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Plaintiff's Application and Declaration for Entry of Defendant's Default (Doc. 7) is **GRANTED**.

2.   The Clerk is directed to enter a Clerk's Default against Defendant Nancy J. Bieberdorf.

**DONE** and **ORDERED** in Fort Myers, Florida on this 22nd day of March, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
All parties of record

- 3 -